United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-60193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY BRIAN WILLIAMSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(2:04-CR-26-ALL-1)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Timothy Brian Williamson appeals his conviction for possession of an unregistered firearm (sawed-off shotgun) in violation of the National Firearms Act, specifically 26 U.S.C. §§ 5845(a), 5861(d), and 5871. The denial of Williamson's judgment-of-acquittal motion is reviewed *de novo*. *See* **United States v. Izydore**, 167 F.3d 213, 219 (5th Cir. 1999); **United States v. Payne**, 99 F.3d 1273, 1278 (5th Cir. 1996).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williamson claims the evidence of his dominion and control over the sawed-off shotgun was too tenuous for the jury to convict him of possession because the firearm was not in his truck or, if it was, others had access to the truck.

To convict based on constructive possession, the Government must present "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon". *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993), *cert. denied,* 510 U.S. 1198 (1994). According to an Officer's testimony, Williamson asserted ownership of both the truck and an "old shotgun" in it. When the Officer went to the location Williamson had given for his truck (in the woods), the Officer saw the shotgun through the truck's back window; the firearm was visible between the two front seats. Even if others had access to, or had previously driven, the truck, this is sufficient to support a finding of constructive possession of the shotgun by Williamson. *See id.* The jury was entitled to credit the Officer's testimony over testimony by defense witnesses that the firearm was not in the truck but in the woods.

Williamson also claims there was insufficient evidence to prove he knew the firearm's barrel was less than 18 inches in length. The Government was required to prove that Williamson knew of the features of his weapon that made it a "firearm" under § 5845, specifically, that it was a shotgun having a barrel of less

than 18 inches in length or an overall length of less than 26 inches. § 5845(a); *see also **United States v. Reyna***, 130 F.3d 104, 109 (5th Cir. 1997), *cert. denied,* 523 U.S. 1033 (1998).

The shotgun was in evidence and could be inspected by the jury. Its barrel was 10 inches long and its overall length was only 16 and one-half inches long. Such characteristics would be readily apparent and externally visible. ("When a shotgun's length is immediately apparent and externally visible to anyone observing it, the government's ability to prove knowledge should not be an onerous task." ***Reyna,*** 130 F.3d at 109 n.6.) A rational jury could have concluded that Williamson knew of the characteristics of his weapon that made it a "firearm" subject to registration under § 5845(a)(1) and (2). *See **id**.*

**AFFIRMED**